UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOYD H. SCOTT,

    Plaintiff,                            CIVIL ACTION NO. 07-14548

v.                                     DISTRICT JUDGE JULIAN ABELE COOK
                                        MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

<u>RECOMMENDATION</u>: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of light work.

\* \* \*

Plaintiff filed an application for Social Security disability insurance benefits on March 2, 2005, alleging that he had become disabled and unable to work on January 25, 2003, at age 45, due to back pain, hypertension and a learning disability. Benefits were denied by the Social Security Administration. A requested <u>de novo</u> hearing was held on April 18, 2007, before Administrative Law Judge (ALJ) Lubomyr Jachnycky. The ALJ found that the claimant retained the residual functional capacity to perform a limited range of light work that did not require any kneeling, crouching, crawling, climbing of steps or overhead work. The ALJ concluded that the claimant should avoid moving machinery and exposure to heights. The Law Judge also determined that Plaintiff was limited to simple, routine job duties requiring him to take instructions by demonstration only. The Appeals Council

declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 49 years old at the time of the administrative hearing (TR 270). He had been graduated from high school, and had been employed during the relevant past as a construction foreman (TR 90). As a foreman, he supervised up to 25 laborers, and he was required to complete timely progress reports on construction projects (TR 52). Plaintiff did a lot of walking and standing. He had to constantly bend down and reach over his head. He was required to lift upwards of 100 pounds on a regular basis (TR 52).

Claimant stopped working in January 2003, after injuring his back in an automobile accident (TR 88). Despite undergoing a lumbar laminectomy in September 2004, the claimant testified that he remained disabled due to severe pain back pain (TR 276). Pain medications proved ineffective, but he did not suffer any side-effects (TR 290). Plaintiff estimated that he could stand for 15 minutes, sit for 20 minutes, walk a block, and lift possibly 10 pounds (TR 286). He claimed that he exercised regularly, and was able to help his wife with the household chores (TR 279-280). The claimant went fishing just two days before the hearing, and he was able to go deer hunting during the winter (TR 283-284).

A Vocational Expert, Luann Castellana, classified Plaintiff's past work as heavy, skilled activity (TR 297). The witness testified that there were no jobs for claimant to perform if his testimony were fully accepted[1] (TR 305). If he were capable of light work,

---

[1]The witness opined that, if claimant was required to lie down for most of the day, all work activity would be precluded (TR 305).

**2**

however, there were numerous unskilled assembly, inspection, packaging and security jobs that he could perform with minimal vocational adjustment (TR 300). These simple, routine jobs did not involve any kneeling, crouching, crawling, climbing of stairs or overhead work. They did not expose the claimant to moving machinery or unprotected heights (TR 299).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as result of a disorder of the lumbar spine, hypertension, and a learning disability, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's learning disability limited him to simple, routine work that required taking instructions by demonstration only. The Law Judge found that Plaintiff could not repetitively perform any kneeling, crouching, crawling, climbing or overhead work. The ALJ also concluded that the claimant should not be exposed to moving machinery or unprotected heights. Nevertheless, he found that the claimant retained the residual functional capacity to perform a significant number of light jobs, as identified by the Vocational Expert.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983).

This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff's sole argument was that the ALJ improperly rejected the opinion of a treating doctor that he needed to sit, stand and lie down, as needed. He maintains that the Law Judge did not adequately justify his refusal to credit that opinion. Defendant counters that the ALJ did consider the limitation, but reasonably rejected the treating doctor's opinion because he found that it was not consistent with the other evidence of record.

DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of simple, light work. Contrary to Plaintiff's assertion, the medical evidence did not support his allegation of totally disabling back pain. The ALJ's decision was consistent with the specific limitations imposed by examining physicians.

Plaintiff enjoyed good results from a laminectomy performed in September 2004. Following that procedure, he reported that most of his preoperative symptoms had resolved

4

(TR 217). Plaintiff subsequently underwent vocational rehabilitation in December 2004 (TR 239-242). A rehabilitation consultant, who reviewed claimant's progress after three months of therapy, recommended in March 2005, that he return to less demanding work in the construction industry after acquiring some computer and software skills (TR 233).

Plaintiff testified that he was able to exercise regularly, help his wife perform household chores, and accompany her to the grocery store (TR 279-281). He had gone fishing just two days prior to the administrative hearing, and testified that he enjoyed going hunting during deer season (TR 283-284). When evaluating Plaintiff's residual physical functional capacity, the Law Judge also took into consideration the opinion of a state agency consultant[2], who concluded that the claimant could perform a restricted range of light work, despite his back pain (TR 246-252). In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms stemming from her back pain were not fully credible.

Contrary to Plaintiff's assertion, there was no objective post-surgical medical evidence suggesting that he needed to rest frequently throughout the day. The ALJ took into consideration claimant's objectively proven functional limitations by restricting him to simple, routine jobs that allowed instructions to be given by demonstration only. The Law Judge further restricted claimant to jobs that did not require any kneeling, crouching, crawling, climbing of stairs or overhead work.

---

[2] Under the regulations, ALJs "must consider findings of State agency medical and psychological consultants," but ALJs "are not bound by any findings made by State agency medical or psychological consultants." 20 C.F.R. § 404.1527(f)(2)(I) (2007).

Plaintiff relies heavily upon the fact that Dr. Dennis Giannini opined, in July 2004, that he needed to sit, stand and lie down as needed (TR 133). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). However, the opinion of a treating physician is entitled to deference only if his clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Since Dr. Giannini offered little post-surgical objective evidence to support his July 2004, functional restriction[3], his assessment need not have been given any special weight. Miller v. Secretary, 843 F.2d 221, 224 (6th Cir. 1988). Under these circumstances, the totality of the evidence must be considered. Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986).

It is the rare case, the exception, in which every piece of evidence points incontrovertibly towards a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that his testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the

---

[3]The ALJ rejected the doctor's assessment, setting forth persuasive reasons for doing so (TR 17-18). The ALJ noted that the treating doctor's opinion that Plaintiff needed to sit, stand and lie down as needed, pre-dated claimant's successful back surgery. Treatment notes following the operation revealed that claimant experienced much less pain (TR 217), and that he was able to perform many exertional activities, such as yard work, carrying groceries and washing dishes (TR 279-281). The physical therapist opined that Plaintiff was functioning at medium work level with only mild to moderate difficulty (TR 151). The ALJ also considered post-surgical evidence that indicated that Plaintiff no longer needed pain medications, and that he was encouraged to begin vocational rehabilitation (TR 217).

witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that he could not return to his past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that he had the vocational qualifications to perform alternative jobs in the economy, notwithstanding his various impairments. The Commissioner, however, met her burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with his significant impairments, the Vocational Expert testified that there were numerous unskilled assembly, inspection, packaging and security jobs that he could perform with minimal vocational adjustment (TR 300). These simple, routine jobs did not involve any kneeling, crouching, crawling, climbing of stairs or overhead work. They did not expose the claimant to moving machinery or unprotected heights (TR 299). Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of light work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981), <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>Howard v. Secretary of HHS</u>, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987), <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the <u>Local Rules of the United States District Court for the Eastern District of Michigan</u>, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

            s/Donald A. Scheer
            DONALD A. SCHEER
            UNITED STATES MAGISTRATE JUDGE
DATED: March 19, 2008

___

**CERTIFICATE OF SERVICE**

I hereby certify on March 19, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on March 19, 2008. **None.**

            s/Michael E. Lang
            Deputy Clerk to
            Magistrate Judge Donald A. Scheer
            (313) 234-5217