UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOYD H. SCOTT,

    Plaintiff,

v.

                                                                 Case number 07-14548

COMMISSIONER OF SOCIAL SECURITY,

                                                                  Honorable Julian Abele Cook, Jr.

    Defendant.

ORDER

The Plaintiff, Loyd Scott, challenges a final decision by the Defendant, Commissioner of Social Security, who rejected his application for Social Security disability insurance benefits. Relying upon the provisions of Rule 56 of the Federal Rules of Civil Procedure, Scott and the Commissioner have filed separate motions for summary judgment, with each party proclaiming that there are no genuine issues of a material fact to be resolved by the Court in this legal proceeding.

On March 19, 2008, Magistrate Judge Donald Scheer, to whom these two dispositive motions were submitted for an evaluation, produced a report in which he recommended that the Court (1) grant the Commissioner's motion for summary judgment, and (2) deny Scott's application for dispositive relief. Scott filed a timely objection to the report from Magistrate Scheer.

I

Scott was employed as a construction foreman until 2003. As a foreman and supervisor of nearly twenty five laborers, he was required to complete timely progress reports on construction projects. His job assignments required him to walk, stand, bend and, when necessary, lift objects

1

of at least 100 pounds on a regular basis.

Following an injury to his back as the result of an automobile accident in January 2003, Scott voluntarily retired. In 2004, Scott underwent a lumbar laminectory operation which provided him with some relief. However, it is his contention that, notwithstanding this surgery, the severe pain continued without abatement. Convinced that he had become permanently disabled and unable to work because of his accident related injuries, Scott filed an application on March 2, 2005 in an effort to obtain disability insurance benefits from the Social Security Administration. In May 2005, his request for benefits was rejected. Believing that this decision was incorrect, Scott sought and obtained a hearing on April 18, 2007 before an administrative law judge. During this hearing, Scott spoke of his many physical limitations; namely, an ability to (1) stand continuously for only 15 minutes, (2) sit for not more than 20 minutes, (3) walk the equivalent of one city block, and (4) lift a maximum of ten pounds. Scott also acknowledged that he exercised regularly and was able to assist his wife with a variety of household chores. He also proffered the written report of his treating physician, Dr. Dennis Giannini, whose medical observations in July 2004 supported Scott's recitation of his physical limitations.

In a written decision on May 16, 2007, the administrative law judge concluded that Scott's identified impairments prevented him from performing work which involved kneeling, crouching, crawling, climbing steps or completing overhead work assignments. However, the administrative law judge also determined that, although Scott had retained a residual functional capacity to perform a limited range of light work, his impairments were not sufficiently severe to meet or equal the listing of impairments. Therefore, Scott was adjudged by the administrative law judge not to have been disabled, as that term is used and interpreted by the Social Security Administration.

II

The final decision of the Commissioner is always subject to review by a district court to determine if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence" is defined as a standard that is considered to be more than a scintilla but less than a preponderance. *Richardson v. Perales,* 402 U.S.C. 389, 401 (1971) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The Supreme Court in *Richardson* stated that "(i)t means such reasonable evidence as a reasonable mind might accept as adequate to support a conclusion." *Kirk v. Secretary of Health and Human Services,* 667 F. 2d 524, 535 (6th Cir. 1981). As such, those "findings based on the credibility of the applicant are to be accorded great weight and deference," and should not be disturbed. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). Moreover, the district court has been advised to evaluate the administrative record in its entirety. *Walker v. Secretary of Health and Human Services*, 884 F. 2d 241, 245 (6th Cir. 1989).

III

In his motion for a summary judgment, as well as in his objection to the magistrate judge's report, Scott argues that the administrative law judge improperly rejected the view point of Dr. Giannini who had opined that he should sit, stand and lie down as needed. He maintains that the administrative law judge did not adequately justify his refusal to credit the Giannini medical opinion. The Commissioner challenges this argument, contending that the administrative law judge did consider Scott's physical limitations, but reasonably rejected the treating physician's opinion because it was inconsistent with the other evidence in the record.

Although a treating doctor's medical opinion should be given greater weight than those of consultative physicians whose professional services are generally restricted to those matters which

3

primarily relate to a pending litigation, an administrative law judge may reject such view points if a reasoned basis for the ultimate decision is made a part of the record. *See* 20 C.F.R. § 404.1527(d)(2), 416.927(d)(2), *Jones v. Commissioner of Social Sec.,* 336 F.3d 469, 477 (6th Cir. 2003). The medical finding of a treating physician is entitled to deference only if his clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir.

Here, Dr. Giannini's opinions regarding Scott were based on those evaluations that had been made by him prior to Scott's surgery in October 2004. As such, his assessment need not have been given any special weight. *Miller v. Secretary*, 843 F.2d 221, 224 (6th Cir. 1988). Under these circumstances, and when the totality of the evidence is considered, *Landsaw v. Secretary*, 803 F.2d 211, 213 (6th Cir. 1986), the record supports the conclusion of the administrative law judge who rejected Dr. Giannini's assessment.

IV

Following its review of the official record in this case, the Court is satisfied that the decision by the magistrate judge to uphold the Commissioner's conclusion (to wit, that Scott was not disabled) is supported by substantial evidence. Hence, and for the reasons that have been stated above, the Court will, and does, (1) adopt the recommendation of the magistrate judge, (2) grant the Commissioner's motion for summary judgment, and (3) deny Scott's request for similar relief.

IT IS SO ORDERED.

Dated: July 3, 2008                   s/ Julian Abele Cook, Jr.
    Detroit, Michigan              JULIAN ABELE COOK, JR.
                                             United States District Court Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on July 3, 2008.

                                                                 s/ Kay Alford
                                                                 Case Manager